JOHN T. HILL, Respondent, *v.* OWEN NEWMAN, and others, Appellants.

The right to water must be treated in this State as a right running with the land, and as a corporeal privilege bestowed upon the occupier or appropriator of the soil; and as such, has none of the characteristics of mere personalty.

From the policy of our laws, it has been held in this State to exist without private ownership of the soil; upon the ground of prior location upon the land, or prior appropriation and use of the water.

Justices of the Peace have no jurisdiction to try a cause, where there is an alleged injury arising out of a diversion of water from the natural or artificial channel in which it is conducted.

APPEAL from the County Court of Placer County.

The opinion of the Court contains the facts.

*Hale & Myres*, for Appellants.

*Mills & Hillyer*, for Respondent.

No briefs on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This was an action brought before a Justice of the Peace, for damages arising from injuries alleged to have been inflicted by the defendants upon the plaintiff, by the partial destruction of mining ditches belonging to the plaintiff, and the wrongful diversion of water into ditches belonging to the defendants. The only question which seems to be raised by the record, is whether a Justice of the Peace has jurisdiction of such a cause, where the injury is to other than personal property.

The jurisdiction of Justices of the Peace in this State, embraces actions for damages for taking, detaining, and injuring personal property; and actions for the recovery of personal property, where the value of the property does not exceed the limit to which the Court is confined in the exercise of its jurisdiction. Where there is a right to the use of water for mining purposes, and the appropriation of it, a

diversion of the stream could not be called an injury to personal prop‾ erty in the meaning of the law. It seems to me clear, that whilst the Legislature has conferred upon Justices of the Peace, jurisdiction of an action to determine the right to mining claims, yet that it never was its intention to confer upon those Courts, power to hear and determine causes in which there may be conflicts as to the right to the use of water.

The right to running water is defined to be a corporeal right, or hereditament, which follows or is embraced by the ownership of the soil over which it naturally passes. Sackett v. Wheaton, 17 Pick., 105. 1 Cruise Digest, 39. Angell ~~========~~ on Water Courses, p. 3.

From the policy of our laws, it has been held in this State to exist without private ownership of the soil—upon the ground of prior location upon the land, or prior appropriation and use of the water. The right to water must be treated in this State as it has always been treated, as a right running with the land, and as a corporeal privilege bestowed upon the occupier or appropriator of the soil; and as such, has none of the characteristics of mere personalty. It therefore follows, that a Justice of the Peace has no power conferred upon him to try a cause, where there is an alleged injury arising out of a diversion of water from the natural or artificial channel in which it is conducted.

The judgment of the Court below is therefore reversed, with costs, and the cause is dismissed.