[No. 6,582.—In Bank.]
November 23, 1882.

## THE ST. HELENA WATER COMPANY v. A. B. FORBES.

EMINENT DOMAIN—PUBLIC USE—DEFINITION.—The supplying of the inhabitants of a town with pure fresh water, is one of the "public uses" in behalf of which the Legislature has declared the right of eminent domain may be exercised.

ID.—ID.—ID.—CORPORATION.—A corporation organized under the laws of this State, for the purpose of supplying the inhabitants of a town with fresh water, is authorized to exercise the right of eminent domain in behalf of such use.

ID.—ID.—ID.—STREAM OF WATER.—Under the laws of this State, the right of a private individual to enjoy the flow of water in its natural channel, upon or along his land, can be condemned for public use.

APPEAL by the defendant from a judgment in his favor, and from an order denying a new trial, in the Seventh District Court of the County of Napa. WALLACE, J.

*McAllister & Bergin*, for Appellant.

*Stanly, Stoney & Hayes*, and *B. S. Brooks*, for Respondent.

Ross, J.:

The plaintiff is a corporation organized under the laws of this State, for the purpose of supplying the inhabitants of the town of St. Helena with fresh water. The defendant is the owner of a tract of land through which run the waters of a certain creek called Hudson or York Creek.

The purpose of the present proceeding on the part of the plaintiff is to condemn the waters of the creek for the purpose of supplying the inhabitants of the town with water; and the principal question in the case is, whether or not, under the laws of this State, the right of a private individual to enjoy the flow of water in its natural channel, upon or along his land, can be taken from him for such purpose.

There can be no sort of doubt that the supplying of the inhabitants of a town with pure fresh water, is one of the "public uses," in behalf of which the Legislature has declared the right of eminent domain may be exercised. (Code of Civil Proc., § 1238.) Whether, with such declaration, the

Courts can in any case interfere, need not now be determined, since it.is very clear that we would not be justified in holding that the supplying of the inhabitants of a town with pure fresh water is not a public use.   It is equally clear that the plaintiff is authorized to exercise the right of eminent domain in behalf of such use.   Section 1001 of the Civil Code provides: " Any person may, without further legislative action, acquire private property for any use specified in Section 1238 of the Code of Civil Procedure, either by consent of the owner or by proceedings had under the provisions of Title VII, Part III, of the Code of Civil Procedure; and any person seeking to acquire property for any of the uses mentioned in such title is 'an agent of the State,' or 'a person in charge of' such use, within the meaning of those terms, as used in such title."

The only question about which we have had any serious doubt is whether the statute authorizes the condemnation of the particular kind of property here sought to be taken.

Section 1240 of the Code of Civil Procedure defines the property which is made subject to the exercise of the right of eminent domain, and Section 1239 classifies the estates and rights in lands subject to be taken for public use, as follows: " 1. A fee simple, when taken for public buildings or grounds, or for permanent buildings, for reservoirs and dams, and permanent flooding occasioned thereby, or for an outlet for a flow, or a place for the deposit of debris or tailings of a mine.   2. An easement, when taken for any other use.   3. The right of entry upon and occupation of lands, and the right to take therefrom such earth, gravel, stones, trees, and timber as may be necessary for some public use."

It is sufficiently obvious, we think, that the property in question comes within the category of real property.   " The rights of riparian proprietors," says Mr. Washburn, in his work on Easements and Servitudes, pp. 276–7 (215), " though coming under the head of what are called 'Natural Easements,' are not, in fact, the result of any supposed grant, evidenced by long acquiescence on the part of a superior proprietor, of the flow of the water from his land to the land below. The right of enjoying this flow, without disturbance or interruption by any other proprietor, is one *jure naturæ*, and is.

an incident of property in the land, not an appurtenance to it, like the right he has to enjoy the soil itself, in its natural state, unaffected by the tortious acts of a neighboring landowner."

"It is inseparably annexed to the soil, and passes with it, not as an easement, nor as an appurtenance, but as *parcel*," said Chief Justice Shaw, in *Johnson* v. *Jordan*, 2 Metc. 234; S. C., 37 Am. Dec. 85. (See, also, Angell on Watercourses, Sec. 141; *Brace* v. *Yale*, 10 Allen, 443; Civil Code, §§ 14, 658, 662.)

The water, therefore, that runs over the defendant's land, is a part and parcel of his land. The Legislature has said that " an easement " in land may be taken for such public use as is here involved. Does this mean only an easement owned by the person against whom the right to condemn is asserted? We think not. As no man can have an easement in his own land, it would be only such easements as he might own in lands of others, that would be subject to be taken for public use, under such a construction of the statute as that. Yet the statute subjects all real property belonging to any person to the right of eminent domain, to be exercised in the cases and for the purposes therein stated. In other words, it authorizes the fee simple of all real property belonging to any person to be taken when needed for any of the public uses enumerated in subdivision 1 of Section 1239, and an easement in all real property belonging to any person, to be taken when needed for any other public use. The question remains: By taking the water that in its natural channel runs over the defendant's lands, does the plaintiff take an easement in the lands of defendant? If the defendant should sell to the plaintiff the right thus to divert the water, there can be no doubt that he would sell an easement in his land. (*Owen* v. *Field*, 102 Mass. 90; *Amidon* v. *Harris*, 113 id. 59; *Wolfe* v. *Frost*, 4 Sandf. Ch. 72; *Cary* v. *Daniels*, 5 Metc. 236; S. C., 41 Am. Dec. 532.) And if the plaintiff, by adverse use, should acquire the right, it is equally clear that the interest so acquired would be an easement in the land of the defendant. "In many cases," says Mr. Washburn in his work on Real Property, Vol. 2, c. 1, p. 321, "one landowner may acquire a right to apply the use of water upon his own lands so as essentially to impair

its use by other proprietors, above or below him, and even to interfere thereby with the enjoyments of the land of another; as for instance, by stopping the water of a stream in his own land, and flowing back the same upon the land of a proprietor above him, or diverting it so as to water it, or prevent its reaching the land of a proprietor below him in its natural quantity. A right thus to interfere with the natural right to make use of water belonging to another where it is connected with the occupation of land, would constitute an easement in favor of the latter, as the dominant estate. Such an easement may be acquired like other easements, by grant, or by an adverse enjoyment so long continued as to raise a legal presumption of a grant." (See also Wood on Nuisances, §§ 353, 354, 374; Angell on Watercourses, § 141.)

If there is any difference in the nature of the same right when acquired by condemnation proceedings, we are unable to perceive it.

In response to the suggestion that the proceedings taken in this case are in effect a violation of an injunction previously obtained by the defendant in respect to the same water, it is sufficient to say that the present plaintiff was not a party to the suit in which the injunction was awarded, and, besides, the right here asserted is to take the water upon making just compensation therefor.

Upon proof made, the Court below found all of the facts essential to authorize the taking.

We must affirm the judgment and order. *So ordered.*

Morrison, C. J., and Sharpstein, J., concurred.

Myrick, J., concurring:

As the right to have the water flow in the stream to defendant's land is an incorporeal hereditament appertaining to his land, and is, therefore, real property, and as all real property of an individual, or such interest therein as may be necessary, may be taken by the right of eminent domain, in behalf of canals, aqueducts, flumes, ditches, or pipes for conducting water for the use of the inhabitants of any county, etc., the taking of the water from the stream, above the land of defendant, is a taking of an interest in real property in behalf

of a public use. The land through, over, and upon which pipes, aqueducts, flumes, and ditches may be constructed or laid is not used by the public; the corporation uses the land for the conveying of water; the water, after having been conveyed, is taken by the public, and at that point, strictly speaking, is where the public use commences; but both the water and the land are taken, to the end that the public may be supplied with the one by the use of the other. In this case the plaintiff has already acquired the one, viz., places for its pipes, etc. (which are worthless and serve no purpose without water), and now it seeks to acquire the necessary water, such water, when acquired, to be used in behalf of, for the benefit of, to the interest of, for the behoof of, ditches, etc., for conducting water for the use of the inhabitants of a village. [See Worcester's Dictionary, "Behalf."]

THORNTON,.J., concurred in the judgment.

McKEE and McKINSTRY, JJ., dissented.