[No. 9702.   Department Two. — July 28, 1885.]

J. M. CREIGHTON, RESPONDENT, *v.* THE KAWEAH CANAL AND IRRIGATION COMPANY, APPELLANT.

WATER—DIVERSION—NATURAL CHANNEL.—The diversion of water from a water-course will not be restrained at the suit of one who owns land located on another water-course to which the former is an occasional tributary, unless such diversion diminishes the quantity of water which would otherwise have flowed into the other water-course by a natural channel, and shortens the period of the natural flow, and it will be restrained only as to such quantity and period.

APPEAL from an order of the Superior Court of Tulare County refusing a new trial.

The facts are stated in the opinion of the court.

*Brown & Daggett*, for Appellant, cited Angell on Watercourses, 7th ed. § 141; Washburn on Easements, 3d ed. pp. 385–393; Gould on Waters, § 225; Wood on Nuisances, § 399.

*Atwell & Bradley*, for Respondent, cited *Gillett* v. *Johnson*, 30 Conn. 180; *Earl* v. *De Hart*, 12 N. J. Eq. 280; *Creighton* v. *Evans*, 53 Cal. 55; *Wilcox* v. *Hausch*, 64 Cal. 461; Gould on Waters, § 225.

MYRICK, J. — Action to restrain the diversion of water. The plaintiff is the owner of land located on a water-course called Bates' Slough. The defendant uses a portion of the channel of Deep Creek (another water-course) as a portion of its ditch, and placed a dam across Deep Creek, at a point where, it is claimed by plaintiff, the waters thereof would flow into Bates' Slough, and by means of such dam caused the waters to be turned into its ditch, thus preventing the water from flowing into Bates' Slough. We are not agreed upon the proposition that the evidence shows the existence of a natural water-course from Deep Creek to Bates' Slough; nor are we agreed that the findings establish the existence of such natural water-course. There is no doubt that a channel now exists and has existed there since the digging of the reclamation ditch, about 1870; but the doubt relates to the existence of a well-defined natural water-course prior to the digging of the reclamation ditch. We are, however, agreed upon a proposition on which the judgment will have to be reversed. The defendant was restrained from "maintaining or keeping any dam in the cut or channel leading from Deep Creek into Bates' Slough, or in Deep Creek, or in any manner interfering with or obstructing the free flow of the waters in said Deep Creek or in said cut or channel, or into said Bates' Slough, or diverting any water from either of the same."

There is no evidence to show a *continuous* flow of water in a natural channel from Deep Creek to Bates' Slough; the most the evidence tends to show is that at high water, during spring freshets, in some years, water flowed in a depression to Bates' Slough. At best the plaintiff would be entitled only to have the defendant enjoined from obstructing the flow of that which would have *naturally* flowed, unaided by artificial means with which he [the plaintiff] is not connected. If there was a natural water-course from Deep Creek to Bates' Slough, through which water flowed, say for two months in the year, and say to the amount of one hundred inches, and if the defendant uses the channel of Deep Creek as a portion of its ditch, it will not be restrained from taking its water out of the channel of Deep Creek, unless such taking out diminishes the *quantity* which would otherwise have flowed by a *natural channel* into Bates'

Slough, and shortens the period of the natural flow; and it will be restrained only as to such quantity and period.

Order reversed and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.