*CHAUNCEY WITCHER, Appellant, *v.* HOLLAND WATER–WORKS COMPANY, Respondent.

66  619
6ap 14
66  619
158a 234
158a 239

*Water supplied by a stock company to an unincorporated village — pipes and hydrants in streets — rights of an abutting owner to compel their removal.*

The laying of pipes by an incorporated stock company, under the provisions of chapter 566 of the Laws of 1890 (chap. 40 of the General Laws), to supply water to an unincorporated village, is, as well as in the case of incorporated villages, for a public use or purpose; and this is so, although no contract may have been made with the public authorities to supply the village with water.

The streets of a populous unincorporated village are to be deemed urban streets and not ordinary rural highways, in respect to the extent of the easement which the necessities of the public may impose upon them.

A street in an unincorporated village is subject to use for the purpose of supplying water to the inhabitants of the village; and the placing of pipes and hydrants therein, under a permit from the town authorities, as provided by sections 80 and 82 of chapter 566 of the Laws of 1890, by an incorporated water-works company, required, under section 81 of that act, to furnish water at reasonable rates to all consumers who may use the same, does not impose an additional burden upon the fee of the street, although the water is not in actual use under any contract with the public authorities, but only by individual residents of the village who have contracted with the company.

Such a water-works company, not having a contract with the public authorities to supply the village with water, cannot exercise the right of eminent domain (§ 84, chap. 566 of 1890); but its right to use the streets of the village for its pipes is based, not upon its right to condemn property, but upon the doctrine applicable to the use of urban streets for such purposes.

As no additional burden is imposed upon the fee of the street by such use a private owner of the fee in such a village street, subject to the public easement therein, cannot maintain an action to compel the removal of water pipes and hydrants so placed in the street in front of his premises without his consent.

Appeal by the plaintiff from a judgment dismissing the complaint upon the merits, entered in the office of the clerk of Erie county on the 21st day of March, 1892, upon a verdict rendered by direction of the court after a trial at the Erie Circuit, and from an order denying a motion for a new trial made on a case and exceptions entered in said clerk's office on the 21st day of March, 1892.

Chapter 737 of the Laws of 1873, referred to in the opinion as the act under which the defendant company was organized, is

* Decided October Term, 1892.

entitled "An act in relation to the creation and formation of water-works companies in towns and villages of the State of New York." This act is repealed and supplanted by chapter 566 of the Laws of 1890.

Chapter 566 of the Laws of 1890 is entitled "An act in relation to transportation corporations, excepting railroads, constituting chapter forty of the General Laws." Article 7 of this act, which includes sections 80 to 85, inclusive, thereof, covers the subject of water-works corporations organized for the purpose of supplying water to any of the towns or villages, and the inhabitants thereof, in this State, and contains the following provisions, among others:

§ 80.   *   *   *   At the time of filing [the certificate of organization] there shall be annexed to the certificate, and as a part thereof, a permit, signed and acknowledged by a majority of the board of trustees of the village, in case an incorporated village is to be supplied with water, and in case a town, or any part thereof, not within an incorporated village, is to be so supplied, by the supervisor, justice of the peace, town clerk and highway commissioners thereof, or a majority of them, authorizing the formation of such corporation for the purpose of supplying such village or town with water.

§ 81. Every such corporation shall supply the authorities or inhabitants of any town or village, where they have organized, with pure and wholesome water, at reasonable rates and cost to all consumers who may use the same, and the board of trustees of any incorporated village of this State shall have the power to contract for the term of one year or more with any such corporation for the delivery by it to the village of water, through hydrants or otherwise, for the extinguishment of fires, and for sanitary and other public purposes.   *   *   *

§ 82. Every such corporation shall have the following additional powers: 1. To lay and maintain their pipes and hydrants for delivering and distributing water in any street, highway or public place of any town or village in which it has obtained the permit required by section eighty of this article.   *   *   *

§ 84. Any corporation organized under this article shall have the right to acquire real estate, or any interest therein, necessary for the purposes of its incorporation, and the right to lay, relay, repair and maintain conduits and water pipes, with connections and fixtures,

in, through or over the lands of others; * * * if any such corporation, which has made a contract with any town or village to supply it with pure and wholesome water, as authorized by section two of this article [§ 81], shall be unable to agree upon the terms of purchase of any such property or rights, it may acquire the same by condemnation. * * *

*Frank C. Laughlin,* for the appellant.

*Wallace Thayer,* for the respondent.

Lewis, J. :

This is an action of ejectment to recover the possession, subject to the public easement, of a part of the highway in the village of Holland, Erie county, the fee thereto being in the plaintiff, and to compel the removal of certain water pipes and a hydrant from the street.

The defendant is a corporation, organized under chapter 737 of the Laws of 1873, and the acts amendatory thereof, for the purpose of supplying water to the inhabitants of the village and town of Holland for culinary and drinking purposes, and for the extinguishment of fires and other purposes. It is a stock company, the stock being owned by private individuals. Water is brought from springs into the village through pipes laid underground. Hydrants have been placed by the defendant along the principal street of the village, and so located as to be accessible for use in case of fire. The supply and head of water are ample for the purposes mentioned. The village is unincorporated, but has a population of 600, having 174 buildings, exclusive of barns. The buildings are mainly located upon one street within a distance of about three-quarters of a mile. There are streets crossing the main street occupied by dwellings for a distance of about five-eighths of a mile. The average distance between the buildings on the main street is about thirty feet.

Written consent to lay its water pipes in the town of Holland was obtained of the officials of the town, and was properly filed before laying the pipes. Without the consent of the plaintiff the defendant dug trenches in the street in front of his house, placing three pipes therein, and erected a hydrant in front of his premises. The plaintiff's premises are upon the main street in the center of the

village. He owns the fee of the street. Near to his dwelling are houses, stores and other buildings. Defendant had, at the time of the trial, contracted to furnish water to fifty-two residences and places of business in the village, and had actually supplied eleven houses with water ; it had not entered into any contract with the town authorities to supply the village with water.

The defendant is required by section 81 of chapter 566 of the Laws of 1890, to furnish water at reasonable rates to all consumers who may wish to use the same. If the village to be supplied with water be incorporated, its board of trustees has power to contract with the company for the delivery of water to the village through hydrants or otherwise. No express authority is given by the act to the town authorities to make contracts for supplying water to the inhabitants of the town. The village of Holland, being unincorporated, it must be treated as a part of the town of Holland. Section 82 of the act gives to incorporated water companies the power to lay and maintain their pipes, and place hydrants for delivering and distributing water, in any street, highway or public place of any town or village, when it has obtained the permit to lay its pipes in the highways, as required by section 80 of the act.

The act of 1890 took effect on the 1st day of May, 1891. The pipes were laid in front of the plaintiff's premises in November, 1891.

A verdict* was directed in defendant's favor, and was, therefore, in effect, a decision that the plaintiff was not entitled to recover upon any finding warranted by the testimony. (Stone v. Flower, 47 N. Y., 566.)

The plaintiff asked to go to the jury upon the question whether the laying of the pipes and the placing of the hydrant in the street, in front of plaintiff's premises, was an additional burden on the fee. The motion was denied.

The right of defendant to lay the pipes, etc., without making compensation, is a question of law. Whether the use was a public one, or private property was taken, are judicial questions. Are these pipes, hydrants and water devoted to a public use ? As we have seen, they are not, at present, in actual use under any contract with the authorities of the town, but only by individual residents of the village, who have made contracts with the company. The company is required to furnish water to any of the inhabitants, on

the line of its pipes, who desire to use the water. The hydrants are erected to furnish water for fire purposes. At the time of the fire, there was no hose, or fire apparatus, nor fire company, in the town, but the hydrants were so placed that they could be used advantageously for extinguishing fires. And it appeared, from the testimony, that the inhabitants were at liberty to use them for such purpose.

Holland, though not incorporated, is a large and populous village. The inhabitants thereof have all the requirements and necessities for the use of pure and wholesome water that they would have were the village incorporated.

The streets of a populous village or city are subject to greater burdens and to a greater variety of uses than a rural highway. The extent of an easement in a street is to be measured somewhat by the necessities of the public. (*Johnson* v. *Thomson-Houston Electric Co.*, 54 Hun, 470.) The use of pure and wholesome water may be said to have become a necessity of modern life.

In *Lahr* v. *Metropolitan Elevated Railway Company* (104 N. Y., 292), RUGER, Ch. J., said : " Statutes relating to public streets, which attempt to authorize their use for additional street uses, are obviously within the power of the legislature to enact."

The act of 1890 confers the power upon water companies, after having obtained the consent of the proper authorities, to use the streets and highways for the distribution of water to the public.

If Holland were an incorporated village, and the defendant had entered into a contract with the trustees to supply the village with water for fire or other purposes, the right of the defendant to use the streets with its pipes without compensation to the owners of the fee would not be questioned. The village being unincorporated such a contract could not be made, but the necessities of the people for water are the same as they would be if the village was incorporated. Six hundred people have their homes in the village, and the evidence tends to show that many of them desire to avail themselves of the use of the water furnished by the defendant. That being so, is not the defendant furnishing water for the use of the public ?

It was said by Mr. Justice HAIGHT, speaking for the Court of Appeals in the case of *Pocantico Water-Works Company* v. *Bird*

(130 N. Y., 249, 258), "the question of public use is a judicial one and must be determined by the courts. It is not affected by the agency employed, for it may be vested in private persons, who may be actuated solely by motives of private gain, if the use to be made thereof is for the benefit of the public." * * * "It is, doubtless, true that in order to make the use public a duty must devolve upon the persons or corporation holding the property to furnish the public with the use intended. The term implies ' the use of many,' or ' by the public,' but it may be limited to the inhabitants of a small or restricted locality, but the use must be in common and not for a particular individual."

It was decided in *St. Helena Water Company* v. *Forbes* (62 Cal., 182), that the supplying of the inhabitants of a town with pure, fresh water is for a public use. To supply a city or town with water is a public purpose for a public benefit. (*Olmstead* v. *Morris Aqueduct*, 46 N. J. Law, 495, 499 ; *Bloomfield Natural Gas-Light Company* v. *Richardson*, 63 Barb., 437.) The use of water by each particular individual is private. But in a larger and broader sense it may be said that the use of it by all, or a large part of the residents in a populous village, is for the public benefit.

It must be held, we think, that the laying of pipes for the supplying of water to cities and villages is for a public use or purpose even where no contract has been made with the municipality to supply it with the water. Assuming, then, that the supply of this water was for a public use, did the laying of the pipes and the erection of the hydrant in front of plaintiff's premises constitute a taking of his property right in the soil, and amount to an additional burden upon the fee? There are many authorities holding that such use of a street in incorporated villages does not impose an additional burden upon the fee. This street in question must be held, we think, to be an urban street, and not an ordinary rural highway.

This case is distinguishable from the cases which hold that the appropriation of a rural highway for the conveying of water to another town or village, the inhabitants along the line of the pipes not being entitled to the use of the water, is imposing an additional burden, for that is the taking of one's property for the use of others, he having no right to the use thereof.

In the case at bar the plaintiff is entitled, in common with all the

other inhabitants of the village, to the use of the water.   The health and comfort of the people are promoted by the use of wholesome, pure water.   The buildings and property of the village are, to a great extent, protected from fires.   This street must be held, we think, to be subject to use for the purpose of supplying water to the inhabitants of the village, and that the placing the pipes in it by defendant did not impose an additional burden upon the fee.

Defendant not having a contract with the authorities of a village to supply it with water, cannot exercise the right of eminent domain. But its right to use the streets of this village for its pipes is based, not upon its right to condemn property, but upon the doctrine applicable to the use of urban streets for such purposes.

The plaintiff failed to make a case entitling him to a verdict. The judgment and order appealed from should be affirmed.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment and order appealed from affirmed.