[L. A. Nos. 15, 18.   Department One.—May 27, 1896.]

SANTA PAULA WATER WORKS ET AL., APPELLANTS IN NO. 15 AND RESPONDENTS IN NO. 18, *v.* JULIA PERALTA, RESPONDENT IN NO. 15 AND APPELLANTS IN NO. 18.

WATER RIGHT—APPROPRIATION BY ALIEN—PRE-EMPTION OF LAND NOT INVOLVED—RIGHT OF APPROPRIATOR.—The fact that an alien could not initiate title to government land does not affect his right to make a valid appropriation of water, the tests of such appropriation being merely priority of possession and beneficial use, without regard to the competency of the appropriator to pre-empt the place of intended use, and, if the appropriation of the water be considered as a mode of acquiring real property by purchase, the right of the alien to hold it is good, until "office found," and private individuals cannot treat his appropriation as void.

ID.—RIGHTS OF PRIOR APPROPRIATOR LIMITED BY BENEFICIAL USE—SUBSEQUENT APPROPRIATOR.—The rights of a prior appropriator of water are limited by his beneficial use, and not by the original capacity of his ditch; and, where he has ceased to use only a specified quantity of the water, or has limited his regular use of it for irrigation to certain days of the week, all of the water not used is subject to a subsequent appropriation by another.

ID.—MISPLACED FINDING OF FACT—EXTENT OF WATER FOR DOMESTIC USE.—A finding of the extent of the water to which the defendant was entitled for domestic use, does not lose its force as a finding of fact because misplaced among the conclusions of law.

ID.—PLACE OF USE—RIGHT OF CHANGE.—It is error to limit the place of use of water for domestic purposes at any particular point on the land of the appropriator, as he may change the place of use at will, provided he does not increase the quantity of flow to which he is entitled.

CROSS-APPEALS from a judgment of the Superior Court of Ventura County.   B. T. WILLIAMS, Judge.

The facts are stated in the opinion.

*W. H. Wilde,* and *Orestes Orr,* for Appellants in No. 15, and for Respondents in No. 18.

A right to divert and appropriate water, like mining or entry upon public land, is a franchise, a grant from the paramount owner (*Conger* v. *Weaver,* 6 Cal. 548); and one not having legal capacity to acquire a government title to land, nor having shown any intention or put forth any effort to acquire the government title, in accordance with the provisions of law, who may be in possession of public land, is a mere naked trespasser, and cannot defeat thereby the lawful entry and acquisition of title by one qualified. (*Garrison* v. *Sampson,* 15 Cal. 93; *Haven* v. *Hawes,* 63 Cal. 514; *Whittaker* v. *Pendola,* 78 Cal. 296; *Kitts* v. *Austin,* 83 Cal. 167; *Noyes* v. *Black,* 4 Mont. 527; *Hopkins* v. *Noyes,* 4 Mont. 550; *Tibbitts* v. *Ah Tong,* 4 Mont. 536; *Russell* v. *Hoyt,* 4 Mont. 412; *McKinstry* v. *Clark,* 4 Mont. 370; U. S. Rev. Stats., secs. 2259, 2264–67; *Frisbie* v. *Whitney,* 9 Wall. 187; *Quinn* v. *Chapman,* 111 U. S. 445; *Sparks* v. *Pierce,* 115 U. S. 408; *Hosmer* v. *Wallace,* 97 U. S. 575; *People* v. *Shearer,* 30 Cal. 645; *Hutchings* v. *Low,* 15 Wall. 77.) As plaintiffs appropriated the water by posting their notice of appropriation, surveying, and constructing ditches, and continuously, uninterruptedly, and beneficially used the water, while defendant was incapacitated from acquiring any rights upon the government land of the United States, they were the first appropriators, and are entitled to the water to the extent appropriated. (*Ortman* v. *Dixon,* 13 Cal. 34; Civ. Code, secs. 1415–18; *West Pac. R. R. Co.* v. *Tevis,* 41 Cal. 489; *Shepley* v. *Cowan,* 91 U. S. 330; *Stark* v. *Starrs,* 6 Wall. 402; *Johnson* v. *Towsley,* 13 Wall. 72.) There is nothing in the mere act of going on the land, building and residing, to confer upon the occupant any title or right. It is necessary to resort to the pre-emption law to make out any shadow of right. (*Frisbie* v. *Whitney, supra; Sparks* v. *Pierce, supra; People* v. *Shearer, supra.*)

*Daly & Toland, Shepherd & Eastin, R. F. Del Valle,* and *Murphy & Gottschalk,* for Respondent in No. 15 and for Appellant in No. 18.

An alien may hold real estate or a ditch and water right against everyone, and even against the government, until office found. (*People* v. *Folsom,* 5 Cal. 373; *Ferguson* v. *Neville,* 61 Cal. 356; *Mitchell* v. *Hagood,* 6 Col. 148; *Quigley* v. *Birdseye,* 11 Mont. 439; U. S. Rev. Stats., secs. 2339, 2340; Kinney on Irrigation, sec. 155; *Lobdell* v. *Hall,* 3 Nev. 507; *Atchison* v. *Peterson,* 20 Wall. 507; *Basey* v. *Gallagher,* 20 Wall. 570; *Jennison* v. *Kirk,* 98 U. S. 453.) Ownership of water rights in the Pacific states does not depend upon a legal title, or in fact upon any title, to land upon the stream owned by the appropriator, but is simply a possessory right acquired by an appropriation and diversion of the waters of the stream, and consummated by its application to some beneficial use or purpose prior to its appropriation, diversion, and use by anyone else. (Kinney on Irrigation, 240, 241; *Broder* v. *Natoma Water etc. Co.,* 50 Cal. 621; *Broder* v. *Water Co.,* 101 U. S. 276; *Basey* v. *Gallagher, supra; Barnes* v. *Sabron,* 10 Nev. 217.) The actual possession of Peralta was good as against the world, save as against the United States; and, while he was in the actual possession of the land, or in the actual possession and use of the water, no one else could connect himself with the government, and dispossess him by a forcible intrusion upon his rights. (*Davis* v. *Scott,* 56 Cal. 165; *McBrown* v. *Morris,* 59 Cal. 64; *Peterson* v. *Kinkead,* 92 Cal. 372; *Rourke* v. *McNally,* 98 Cal. 291; *Atherton* v. *Fowler,* 96 U. S. 513; *Trenouth* v. *San Francisco,* 100 U. S. 251; *English* v. *Johnson,* 17 Cal. 107; 76 Am. Dec. 574; *Page* v. *Fowler,* 37 Cal. 100; *Frisbie* v. *Whitney,* 9 Wall. 187.) The judgment should be reversed because the findings are not on all the issues in the case, and the findings are indefinite and uncertain and contradictory. Finding 23 is indefinite and uncertain because it does not show that

defendant Peralta took more than fifty inches of water flowing from the stream, and it does not show that he took it in any manner different from what the court found he was entitled to take by findings 18 and 21. The conclusion of law providing for the additional amount cannot be regarded as a finding of fact. (*Paulson* v. *Nunan*, 64 Cal. 290; *Russel* v. *Armador*, 2 Cal. 305; *In re Langan*, 74 Cal. 353; *Figg* v. *Mayo*, 39 Cal. 262.)

Britt, C.—In this action the court below adjudged that the plaintiffs, as tenants in common, have the right to divert and use the water of the Santa Paula creek, in Ventura county, to the extent of six hundred inches, measured under a four-inch pressure, subject, however, to the superior right of defendant to divert and use fifty inches of the water, measured, as aforesaid, during "one day of twenty-four hours in each week, from Saturday afternoon to Sunday afternoon," and subject to the further right of defendant to take one-half an inch of water in constant flow, to be used only within a specified section of land. All parties have appealed from the judgment. Plaintiffs claim that on the findings made by the court they should have been awarded six hundred inches of water absolutely, and that the judgment should be modified accordingly; while defendant contends that he is aggrieved in several particulars, and that the judgment should be reversed in order that a new trial may be had.

The court found, among other matters, that in the year 1865 the defendant diverted by means of a ditch then constructed by him, having capacity to carry one hundred and twenty inches of water, a part of the flow of said creek (the course of which lay mainly through public lands of the general government), and applied the same to the irrigation of certain land which he held by mere occupancy, and to other purposes; he was then an alien and had not declared his intention to become a citizen of the United States; on December 11, 1867,

he declared such intention pursuant to the naturaliza-
tion laws; in 1869 he established his residence on pub-
lic land in a certain section 34, upon which in 1881 he
filed a pre-emption claim; he continued to live in said
section until 1886, when he removed therefrom; prior
to 1869 he extended his ditch and conducted the water
previously diverted by him to the vicinity of his house
in said section 34, where he used the same for irri-
gation, domestic purposes, and the watering of live-
stock as before. It sufficiently appears that he utilized
the water by means of his ditch for the purposes stated,
with only occasional interruptions, during the space of
twenty-seven years beginning in 1865. It was his cus-
tom to turn on the water for irrigation one day in the
week—Saturday afternoon to Sunday afternoon—and
then to return it into the stream, excepting such quan-
tity as was necessary for watering his stock and for
domestic purposes; and the court found that he had
ceased any use of the water except as above stated. It
was further found that, since the year 1872, when the
quantity of water in the creek was less than six hun-
dred inches, the defendant has used for irrigation no
more than fifty inches. Among the "conclusions of
law" appears the following: "The defendant is also the
owner of the right to use one-half an inch of water,
measured under a four-inch pressure, constant flow, at
the place where his house was located on section 34
. . . . and, to secure such flow, is entitled to divert suffi-
cient water to produce that amount through his ditch
to the place of use."

The first step toward acquiring the interest in the
water of the creek now held by plaintiffs was a notice
of the appropriation thereof, to the extent of seven
hundred inches, posted by certain persons with whom
plaintiffs are in privity, in the month of August, 1867;
this was followed forthwith by the construction of a
system of ditches having capacity to carry six hundred
inches, into which some water was turned in the year
1868; the use of the water drawn through such system

of ditches for various beneficial purposes has continued ever since, being increased from time to time, and since 1874 such use has amounted to six hundred inches when that quantity was obtainable, though in the dry season the flow in the stream has frequently—perhaps commonly—been less than three hundred inches.

Upon the facts thus outlined the plaintiffs insist that their claim to six hundred inches of water is superior to any interest of the defendant, for the reason that, at the time of his appropriation, in 1865, he was an alien, and hence, they say, was not competent to appropriate the water; they found their argument on those provisions of the federal statutes restricting the acquisition of pre-emption and other rights in the public lands to citizens of the United States and those who have declared their intention to become such; the inference they seek to enforce seems to be that as Peralta, prior to December, 1867, could not by reason of alienage initiate title to government land, so he was incompetent to obtain, by appropriation, right to water flowing on such land. We cannot accede to this proposition; the silent acquiescence with which the government, prior to the act of Congress of July 26, 1866, regarded the appropriation of water on its lands, as well as the express recognition extended by that statute to rights so acquired, did not discriminate between Trojan and Tyrian—citizens or aliens; married women and minors were, in general, not competent to pre-empt land, but we have never heard that they might not make a valid appropriation of water; the tests of such appropriation were priority of possession and beneficial use (*Maeris* v. *Bicknell*, 7 Cal. 261; 68 Am. Dec. 257; *Davis* v. *Gale*, 32 Cal. 26; 91 Am. Dec. 554; *De Necochea* v. *Curtis*, 80 Cal. 397); and title, or the right to acquire title, in the place of intended use has never been a necessary element in the ownership of appropriated water. Besides, since the prior appropriation of water is a mode of acquiring a right in real property by purchase (*Hill* v. *Newman*, 5 Cal. 445; 63 Am. Dec. 140), the alienage

of the defendant was a matter between him and the government, and, if it were admitted that as against the government he could have no valid right in the water, yet until "office found" it is conceived that private individuals were not at liberty to treat his appropriation as void of effect, or the water itself as still open to another taker. (*Norris* v. *Hoyt*, 18 Cal. 217; *Racouillat* v. *Sansevain*, 32 Cal. 376; *Lobdell* v. *Hall*, 3 Nev. 516.) The defendant's appropriation was, therefore, prior to that of the plaintiffs, and, as no facts are found to show that they have acquired by prescription a right to more water than the judgment allows to them, it follows that their appeal is unavailing.

In support of defendant's appeal the principal grounds urged are, that the court erred in not finding the quantity of water originally appropriated by him; in restricting his use for irrigation to twenty-four hours on Saturday and Sunday of each week, in not finding as a fact the quantity he may use for domestic purposes, and in restraining such use to certain limits—the said section 34. Although the court nowhere found the extent of defendant's original appropriation, yet, as it did find that after 1872 he used no more than fifty inches for irrigation, and made such use only at certain times of the week, the omission was immaterial; all the water which he did not use was subject to the appropriation of plaintiffs; and this consideration disposes also of the objection to the action of the court in limiting defendant's use of the water for irrigation to twenty-four hours of each week commencing on the afternoon of Saturday; he having ceased to use the water at other times, the plaintiffs might lawfully take it at those times. (*Smith* v. *O'Hara*, 43 Cal. 371.) The statement contained in that part of the court's decision which is headed "Conclusions of Law," to the effect that defendant owns the right to divert through his ditch half an inch of water, constant flow, for use at the place where his house was situated in said section 34, read in connection with the other findings, is a sufficient ascer-

tainment of his interest in the water for domestic purposes; it is to be treated as a finding of fact, though it is certainly misplaced. (*Spargur* v. *Heard*, 90 Cal. 221; see the discussion and cases cited in *Savings etc. Soc.* v. *Burnett*, 106 Cal. 538.) But there is no warrant in the record for that clause of the judgment restricting the place where defendant may use said half inch of water; if he had the right to use it "at the place where his house was located on section 34," then, in the absence of some other fact qualifying the right, the legal conclusion is that he may use it elsewhere—may change the place of use at will (*Davis* v. *Gale, supra*); though, of course, he could not by such a change increase the quantity of flow to which he is entitled. The judgment should be modified by striking therefrom the portion limiting the place where defendant may use said half inch of water, viz., the following words: "To be used only on section 34, township 4 north, of range 21 west, S. B. M.," and as so modified it should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by striking therefrom the portion limiting the place where defendant may use one-half-inch of water in constant flow, viz., the following words: "To be used only on section 34, township 4 north, range 21 west, S. B. M.," and as so modified is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.