(April 6, 1895.)

## GREEN v. CHRISTIE.

[40 Pac. 54.]

JUDGMENT OF COURT OF LIMITED JURISDICTION.—Where it is shown that a court of limited jurisdiction has obtained jurisdiction of the person by proper service of summons, the judgment rendered will not be held void for the reason that the record fails to show that a continuance was had for two days and not noted in the docket of the probate judge.

TITLE TO LAND.—Held, under the evidence, that the plaintiff had neither the legal nor equitable title to the land in controversy.

ADVERSE POSSESSION—WHAT MUST BE SHOWN TO ESTABLISH.—Adverse possession of land cannot be considered established under any of the provisions of the code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors have paid all the taxes, state, county, or municipal, which have been levied and assessed upon such land according to law.

NO EVIDENCE TO SUPPORT CLAIM—WHAT NISI PRIUS COURT SHOULD DO.—There being not a scintilla of evidence supporting plaintiff's claim, the cause should have been taken from the jury and judgment entered for the defendant.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, for Appellant.

An occupancy for a period of more than five years, together with payment of taxes, makes the title absolute under the code of Idaho. (Idaho Rev. Stats., tit. 2, c. 2, sec. 4043, subd. 2.) Under the law, where real property is sold on execution and the sheriff's deed made, the debtor remaining in possession is as much a tenant at will or tenant at sufferance of the purchaser as if the deed had been made by himself. (*Blood v. Light,* 38 Cal. 649, 99 Am. Dec. 441; Buswell on Limitations of Actions, sec. 306; *Dobbins v. Lusch,* 53 Iowa, 304, 5 N. W. 205; *Munson v. Plummer,* 59 Iowa, 120, 12 N. W. 806; *Hyatt v. Wood,* 4 Johns. 150, 4 Am. Dec. 258; *United States v. Chaboya,* 2 Black, 593.)

James W. Reid, for Respondent.

Where it appears that there has been an actual continued occupation of land, under a claim of title, exclusive of any other right, but not founded upon a written instrument, judgment or decree, the land so actually occupied, and no other, is deemed to have been held adversely. (*Unger v. Mooney,* 63 Cal. 586, 49 Am. Rep. 100; 1 Am. & Eng. Ency. of Law, 225.) The law presumes nothing in favor of the jurisdiction of inferior courts. (1 Cowdrey's Justice, sec. 67, and notes; *Mallett v. Uncle Sam Min. Co.,* 1 Nev. 188, 90 Am. Dec. 484; *Paul v. Beagin,* 1 Nev. 357; *Little v. Currie,* 5 Nev. 90; *Keybers v. McComber,* 7 Pac. 838; *Thompkins v. Clackamas Co.,* 11 Or. 364, 4 Pac. 1210; *Hughes v. Cummings,* 7 Colo. 138, 203, 2 Pac. 289-928.)

SULLIVAN, J.—This is an action of ejectment, brought by the plaintiff, Arthur Green, against the defendant, George C. Christie, to recover the possession of certain lands in Latah county, and for damages. The cause was tried by the court with a jury, and a verdict rendered in favor of the plaintiff for the possession of said land and $1,000 damages, and judgment was entered in accordance with said verdict. A motion for a

new trial was made and denied. This appeal is from the judgment and the order denying the motion for a new trial.

It is conceded that the respondent, Green, had both the legal and equitable title to said land on November 29, 1879, on which date a transcript judgment from the probate court of Nez Perces county, wherein one Raymond Saux was plaintiff and Arthur Green, the plaintiff herein, was defendant, was filed and docketed in the office of the clerk of the district court in and for Nez Perces county; that an execution was issued thereon, and the land in question levied upon under said execution, and sold to one Bernard Lowenburg in satisfaction of said judgment. A sheriff's deed by virtue of said sale was executed to said Lowenburg for the premises in dispute on the sixth day of December, 1880. Whatever title the defendant, Christie, had to said land was obtained from said Lowenburg, and all the title Lowenburg had was procured through the sheriff's sale and deed aforesaid. All of the files and record entries of the probate court of Nez Perces county in said cause of *Raymond Saux v. Arthur Green*, were introduced in evidence in the trial of the case at bar on behalf of defendant, Christie, which show that summons in said case in the probate court was issued on November 15, 1879, returnable in ten days; that it was served on defendant on the date of issue. The record so introduced fails to show that anything whatever was done in said case on the twentieth day of November, the return-day of said summons. Judgment by default was taken on the twenty-eighth day of November. The record fails to show any continuance from 26th of November to twenty-eighth day of November. It is contended by respondent that, as the record fails to show a continuance from November 26th to November 28th, the probate court lost jurisdiction, and for that reason said judgment was void. The record shows that the court acquired jurisdiction by personal service of summons, and it further shows that default was entered, the defendant having failed to appear and demur or answer. No jurisdiction need be presumed. It is shown by the record. The principle that the law presumes nothing in favor of the jurisdiction of a

court of limited jurisdiction has no application here, for the reason that jurisdiction is shown. And we do not think jurisdiction was lost after it was acquired. While it is true that section 4759 of the Revised Statutes prescribes what the docket must contain, and the probate judge failed to note a continuance from November 26th to November 28th, we do not think the court lost jurisdiction for that reason. The evidence shows that Bernard Lowenburg purchased at sheriff's sale the land in dispute on the twentieth day of March, 1880, and a sheriff's deed therefor was duly executed, conveying the same to him, on the sixth day of December, 1880, and that on the twenty-second day of August, 1884, said Bernard Lowenburg, by his attorney in fact, duly conveyed said land to the defendant, George C. Christie. Arthur Green testified in his own behalf: "That he was in the possession of the land in dispute until 1889, when he was drove off them by one Knapp. That Knapp said he got the place from Christie; that Knapp threatened, if he did not leave the land, he would write to Christie, and have the sheriff put him off. That he gave him [Knapp] possession of the cabin on said land. That he was afraid the sheriff would put him [Green] off. That he got possession of the land again the following spring. Nobody was in possession when he went in. There was then only one house or cabin on the land. That he occupied it, and was in possession until about the 20th or 25th of June of the same year. That he lost possession then by George Christie's moving on the land with his family." We have reviewed the mass of testimony in this case with great care, and it would be of little use for us to review it in this opinion, and we will not do so. The evidence shows that the defendant, Christie, expended several thousand dollars in putting fences, houses, and other improvements on said land, without any protest or objection from the plaintiff, Green. He (Green) testified on his own behalf as follows: "Certainly I let him [Christie] go on and build his buildings, thinking it was his land, and never said, 'No.'" And further: "I always was under a misunderstanding whether that place was mine or Lowenburg's, or any other body's but my own."

He further testified: "No, I never gave this property in to the assessor as my property. I told the assessor that that land was sold, and he said he knew it was; that he assessed it to Lowenburg. I told him it was sold. I paid taxes on the strip land and the pre-emption before that sale was." The evidence shows that the land was assessed to Christie from 1884 to the time of bringing this suit, and that he had paid the taxes except for the year 1893. The whole evidence shows that the plaintiff did not claim to own the land until about the time this suit was brought, and that he had repeatedly said that the land belonged to Lowenburg and Christie; that he stood quietly by and permitted Christie to expend from $3,000 to $6,000 in placing improvements upon said land, without claiming the land, or making any objection to Christie's improving said land; and to hold, under such circumstances, that Green is the owner of said land, would be most unjust and in utter violation of good conscience. The plaintiff lost title when the land was conveyed by sheriff's deed to Lowenburg, and seeks to establish adverse possession under claim of title not written. Section 4043 of the Revised Statutes provides, *inter alia:* "That in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law." Under this statute the plaintiff did not establish adverse possession, nor could he, for the reason that he failed to pay the taxes. Not only failed to pay the taxes, but informed the assessor that the land belonged to Lowenburg or Christie. He did not claim to own the land.

The court erred in sustaining the objection to the following question, asked the witness Arthur Green: "Question: And you told the assessor it had been sold?" Also in sustaining plaintiff's objection to the following question, asked the witness James E. Miller: "Question: You may state, Mr. Miller, if in the month of July, 1892, you had a conversation with Mr.

Green with reference to the ownership of the premises in controversy." Also the court erred in not permitting the witness Kincaid to answer the following question: "Have you had any transaction with plaintiff, Mr. Green, as the agent of Mr. Christie, since the year 1884?" We can see where the answer might tend to show that he, Green, was occupying the land in controversy as tenant of Christie, and should have been allowed. The court erred in denying defendant's motion, at the conclusion of the testimony, to instruct the jury to return a verdict for the defendant, as there was not a scintilla of evidence showing that the plaintiff had a record title to said land, or any title whatever, nor that he had acquired title by adverse possession. In our view of this case, it is not necessary for us to pass upon the various errors specified in regard to the instructions given, for at the close of the evidence the case should have been taken from the jury, and judgment entered in favor of defendant, or the jury instructed to return a verdict in favor of the defendant. The judgment of the court below is reversed, with instructions to enter judgment in favor of defendant.

Morgan, C. J., and Huston, J., concur.