(November 12, 1908.)

## LUCY J. SWANK and LEWIS J. SWANK, Appellants, v. SWEETWATER IRRIGATION AND POWER COMPANY, LTD., Respondents.

[98 Pac. 297.]

Suit to Quiet Title—Unrecorded Deed—Adverse Possession—Payment of Taxes—Notice of Use and Occupation—Water Right and Easement—Pleading Information and Belief—Nature of Pleading Determined by Facts Alleged.

1. Where S. took a conveyance of real property and paid a valuable consideration therefor and had no notice of an outstanding unrecorded deed for a ditch and right of way through the property, and recorded her deed of conveyance prior to the recording of the outstanding deed for ditch and right of way, under sec. 3001, Rev. Stat., the unrecorded deed is void as against such subsequent purchase.

2. Where a purchaser of a right of way for a ditch across a tract of land has failed to record its conveyance prior to the record of a subsequent conveyance made in good faith, and in an action to quiet title seeks to recover on the grounds of adverse possession for the statutory period, the extent of the right of way or easement must be determined by the facts proven as to the extent of the use and occupation, and cannot be determined by the calls of such unrecorded deed.

3. Under the provisions of sec. 4043, Rev. Stat., adverse possession cannot be established unless it is shown that the land has been occupied and claimed for the period of five years continuously, and the claimant or his predecessors in interest have paid all taxes, state, county and municipal, which have been levied and assessed upon such land according to law.

4. In a case where a party seeks to establish his right and title to real estate under the law of adverse possession, he must prove, and the court must find, that he has paid or caused to be paid all the taxes which have been levied and assessed against the property for five years continuously, or that the property was exempt from taxation or has never been assessed.

5. Under the provisions of sec. 1402, Rev. Stat., as adopted by act of February 10, 1899 (Sess. Laws 1899, p. 221), all irrigating canals and ditches and water rights appurtenant thereto are exempt from taxation when the owner or owners of the canals and ditches use the water thereof exclusively upon land owned by the owner

of the ditches and water right, but where any water is sold or rented from such canal or ditch, the same is taxable to the extent of the sale or rental. Under the provisions of this statute it becomes a question of fact in each case as to whether or not a canal or. ditch or water right is taxable in whole or in part or is entirely exempt from taxation.

6. The fact that a party has located a water right and filed his notice thereof in accordance with law does not give him any right to build ditches and canals across the lands of others until he has acquired the easement and right of way therefor, either by purchase or condemnation. The ownership of a water right does not necessarily imply that the ownership of the ditch through which the water flows is vested in the same person. The ownership of the ditch and the ownership of a water right for water to flow through such ditch may exist in different parties.

7. An allegation in a complaint that ''defendant is informed and believes'' that certain facts exist, without further alleging on such information and belief that those facts do exist, is not a sufficient allegation of any issuable fact.

8. The name and character of a pleading must be determined by the facts alleged, and the relief asked by the pleader. The right to recover will not be limited by the name given to the pleading by the pleader, except in such cases as the action and conduct of the pleader has misled the adverse party to his prejudice.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for the County of Nez Perce. Hon. Edgar C. Steele, Judge.

Action by plaintiffs to quiet title. Answer and cross-complaint by defendant praying for a decree establishing its title. Judgment for defendant and plaintiffs appeal. *Reversed.*

D. E. Hodge, and Chas. L. McDonald, for Appellants.

An allegation that defendant believes so and so is not an allegation of fact on information and belief. It entitled defendant to introduce no evidence, because its information and belief are immaterial. The allegation is insufficient to raise any issue. (*Bank of North America v. Rindge* (Cal.), 57 Fed. 279.)

"If A, without notice of a prior unrecorded deed or encumbrance, purchases from B, who had notice, his title is free." (*London v. Youmans,* 31 S. C. 147, 17 Am. St. Rep. 17, 9 S. E. 775; 2 Pomeroy's Eq. Jur., sec. 754.)

Water rights and ditches are distinctly different subjects of property, each may be owned independently of the other. (*Ada Co. etc. Co. v. Farmer's Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485; *Stocker v. Kirtley,* 6 Ida. 795, 59 Pac. 891; *Parke v. Boulware,* 7 Ida. 490, 63 Pac. 1045; *McLear v. Hapgood,* 85 Cal. 555, 557, 24 Pac. 788; *Gould v. Maricopa Canal Co.,* 8 Ariz. 429, 76 Pac. 598.)

There is not one word of evidence of respondent's ever having paid any taxes. Sec. 4043, Rev. Stat., is mandatory, and one claiming adverse possession must show that he has paid all the taxes. (*Green v. Christie,* 4 Ida. 438, 40 Pac. 54; *Brose v. Boise etc. Ry. Co.,* 5 Ida. 694, 51 Pac. 753.) When land is assessed the taxes must be paid by the adverse claimant, regardless of whom they are assessed to. (*Ross v. Evans,* 65 Cal. 439, 4 Pac. 443; *Reynolds v. Williard,* 80 Cal 605, 22 Pac. 262; *Monti v. Bishop,* 3 Colo. 605; *Nippel v. Hammond,* 4 Colo. 211; *Reed v. Newton,* 22 Minn. 541; *Quebec Bank v. Weyand,* 30 Ohio St. 126.)

Geo. W. Tannahill, for Respondent.

The affirmative defense may be treated as a cross-complaint, although not so designated in the title. (*Hibernia Savings & Loan Society v. London etc. Ins. Co.,* 138 Cal. 257, 71 Pac. 334.) Character of pleading must be determined by court from its allegations. It is immaterial what pleader styles it. (*Mills v. Fletcher,* 100 Cal. 142, 34 Pac. 637; *Harrison v. McCormick,* 69 Cal. 616, 11 Pac. 456; *Holmes v. Richet,* 56 Cal. 307, 38 Am. Rep. 54; *Gregory v. Bovier,* 77 Cal. 121-124, 19 Pac. 232.) The defendant's ditch is exempt from taxation under the provisions of sec. 1312, Code 1901.

"The requirement of payment of taxes as an evidence of adverse possession has been held not to apply where no taxes have been assessed." (*Baldwin v. Temple,* 101 Cal.

396, 35 Pac. 1008; *Coonradt v. Hill*, 79 Cal. 591, 21 Pac. 1099; *Heilbron v. Last Chance Water Ditch Co.*, 75 Cal. 123, 17 Pac. 65; *Ross v. Evans*, 65 Cal. 439, 4 Pac. 443; *Quinlan v. Noble*, 75 Cal. 250, 17 Pac. 69; *Spence v. Stanley et al.*, 87 Tex. 604, 30 S. W. 435.)

AILSHIE, C. J.—This action was commenced by the appellants in the lower court for the purpose of quieting their title to a strip of land 25 feet wide running across their farm and being 12½ feet on each side of the center of an irrigation ditch. The defendant answered denying the material allegations of the complaint, and alleging title in itself by deed of conveyance and also by adverse possession. It also pleaded the statute of limitations. Judgment was entered in favor of the defendant. Plaintiffs moved for a new trial and the motion was denied, and they appealed from the judgment and order.

On January 20, 1905, the appellant, Lucy J. Swank, through the agency of her husband, Lewis J. Swank, purchased the SE. ¼ of the NE. ¼ of Sec. 5, Tp. 34 N., R. 4, W. B. M., in Nez Perce county, and took title to the whole thereof by warranty deed. The chain of title as appeared by the records was perfect and was deraigned through mesne conveyance from the United States government. On December 14, 1905, almost a year after the Swank purchase, there was filed for record a warranty deed from Eben Mounce and wife to the respondent Sweetwater Irrigation and Power Company, Ltd., conveying the land occupied by the ditch with a strip 12½ feet wide on each side of the center thereof. The Mounce deed was executed and delivered on November 28, 1898, and at the time of its execution and delivery Mounce was the owner of the entire tract of land through which the ditch was constructed. It is conceded that the Swanks had no knowledge of the existence of this deed at the time of their purchase of the land. The only knowledge they had as to the title and ownership of the ditch being vested in anyone other than the owner of the tract of land was the fact of the existence of the ditch itself and the con-

versation that took place at the time of the purchase between
Lewis J. Swank and Gus A. Swanson, the immediate grantor
to Lucy J. Swank. The purchase was made in January, and
at that time there was no water running through the ditch.
It was not in the irrigating season and was at the time of the
year when the ditch was not in repair. It appears, however,
that the ditch was from 2 to 3 feet wide at the bottom and
from 3 to 5½ wide at the top, and from 2 to 3 feet deep. In
order to cross the ditch with wagons and teams it was neces-
sary to keep it bridged at such places as they desired to cross.
At the time of the purchase Swanson told Swank that he
had been irrigating a tract of land that lay a mile or so to
the northwest of this ranch, which belonged to the Vollmers.
The ditch entered the farm somewhere on the southeast and
ran across to the northwest and some miles beyond. The
water that was carried through this ditch was received from
the Sweetwater creek a number of miles distant from this
farm. The irrigating company had been in possession of
this ditch and right of way (at least during the irrigating
season) for some eight or ten years preceding the commence-
ment of this action. From these facts the trial court found
that the ''defendant had been in the quiet, peaceable and ad-
verse possession of said tract of land, and the whole thereof,
for more than eight years last past, immediately preceding
the commencement of this action, under claim of right and
color of title, and the plaintiffs and their immediate grantors
and predecessors in interest had actual notice of the claim of
said defendant to the tract of land and each and every part
thereof.'' Apparently the court took the view that the knowl-
edge that the Swanks had of the existence of this ditch, and
the use to which it had been put, and the fact that it re-
ceived water from beyond the confines of this ranch and
carried it across the ranch for use on other lands, constituted
notice to them that the ownership and right of possession in
and to the ditch and right of way was vested in some one
other than the owner of the ranch, and was sufficient to put
them on notice and inquiry.

The trial court rested the right of defendant to recover in this case upon title by adverse possession. The court specifically finds that plaintiffs had no notice of the deed from Mounce and wife to the defendant. In that view of the case the title acquired by the adverse possession and user could only be commensurate and coextensive with the use to which the land was being subjected. The question as to the amount of ground necessary for the use of the ditch and right of way would be one of fact to be determined on the trial of the case, and could not be measured by the calls of the deed. If the Swanks had no knowledge of this deed, they could not be charged with the description therein contained nor the extent of ground covered thereby. In other words, the amount of land necessary for the ditch and right of way would have to be determined upon the proofs rather than upon the calls of the deed. It would extend only to the amount adversely used and occupied.

The appellant lays particular stress upon the fact that there is no evidence tending to show that the defendant ever paid the taxes levied and assessed against this strip of land, and that there is no finding to that effect. Sec. 4043 of the Rev. Stat. provides as follows:

"For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following cases only:

"1. Where it has been protected by a substantial inclosure.

"2. Where it has been usually cultivated or improved.

"Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, territorial, county, or municipal, which have been levied and assessed upon such land according to law."

It was therefore necessary for the defendant to prove, and the court to find, that defendant had paid all the taxes, state,

county, and municipal, which had been levied and assessed against this strip of land for five years continuously. (*Green v. Christie*, 4 Ida. 438, 40 Pac. 54; *Brose v. Boise City Ry. etc. Co.*, 5 Ida. 694, 51 Pac. 753.) Respondent contends that this ditch and right of way was exempt from taxation, and it was therefore unnecessary to prove that any taxes had been paid, and that no assessment had been made against the property. In support of this contention counsel cites sec. 1402, Rev. Stat., as the same was adopted and approved February 10, 1899 (Sess. Laws 1899, p. 221), which is as follows:

"The following property is exempt from taxation: All irrigating canals and ditches and water rights appurtenant thereto, when the owner or owners of said irrigating canals and ditches use the water thereof exclusively upon land or lands owned by him or her or them; provided, in case any water be sold or rented from any such canal or ditch, then, in that event, such canal or ditch shall be taxed to the extent of such sale or rental."

The difficulty in this position of respondent arises from the facts of this particular case as applied to the foregoing statute. In order to have shown that this ditch was exempt, it was necessary to show that the waters thereof were used exclusively upon the lands owned by the owner of the ditch, or to have shown that in fact the ditch and right of way had never been assessed. Neither of these facts appears to have been shown in this case. The only evidence in the record as to the irrigation of any particular tract of land is with reference to a farm owned by Mrs. John P. Vollmer. That evidence would at least tend to show that the irrigation company was furnishing water for the irrigation of lands other than those owned by the company and would consequently make the ditch liable to assessment to the extent of the sale or rental. If, on the other hand, the company should succeed in showing that, as a matter of fact, the property was exempt from taxation, or had never been assessed to anyone, then such proof would bring the respondent within the purview of the statute. (Sec. 1402, Rev. Stat.; Sess. Laws 1899.

p. 221; *Baldwin v. Temple,* 101 Cal. 396, 35 Pac. 1008; *Reynolds v. Willard,* 80 Cal. 605, 22 Pac. 262.)

On the question of notice to the Swanks of adverse possession and user, or of sufficient facts and circumstances to put them on inquiry, we are of the opinion that the evidence supports the finding. However, as the case must be retried, and additional evidence may be adduced on the next trial, we refrain from any discussion of this phase of the case.

Since this case must be remanded for a new trial, it will be necessary to pass on such questions as have been raised and are likely to arise on another trial.

In the first place, the plaintiff demurred to that part of defendant's answer designated "a further and second defense." The demurrer was general, and on the ground that the answer does not state facts sufficient to constitute a defense. This demurrer was properly overruled, for the reason that the answer did contain matter constituting a defense, among other things, being the allegation of adverse possession for more than the statutory period; also the bar of the statute of limitations. It is well enough to observe here, however, that that portion of paragraphs 3, 4 and 6, wherein it was alleged that the defendant, by reason of certain water locations and the filing of notices thereof, acquired the right to construct its ditch across the lands occupied by plaintiff, and also alleges that "defendant is informed and believes" that certain things occurred by inadvertence, did not constitute any grounds of defense or cause of cross-complaint. The fact that a party has a water right gives him no right to enter the lands of others for the purpose of constructing ditches and canals across them, except over public lands of the United States. He must obtain that easement and right of way either by purchase or condemnation. Ownership of a ditch and the water right for waters to flow through the ditch may, and often do, exist in different parties. The existence of the one right does not necessarily imply the existence of the other right in the same party. (*Ada County Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485;

*Stocker v. Kirtley*, 6 Ida. 795, 59 Pac. 891; *Parke v. Boulware*, 7 Ida. 490, 63 Pac. 1045.)

The allegation that "defendant is informed and believes" certain facts, without also alleging on information and belief that those facts do exist, is no allegation at all. (*Bank of North America v. Rindge*, 57 Fed. 279.)

Again, the finding by the court that the cause of action is barred by the statute of limitations necessarily rested upon the court's finding with reference to adverse possession and other facts in connection therewith. Since the judgment must be reversed on the ground of adverse possession, it must necessarily be reversed on the question of the bar of the statute of limitations, as a different finding on the question of adverse possession would materially affect the finding on the bar of the statute.

Finally, it is contended by the appellant that the affirmative judgment in favor of defendant is erroneous, for the reason that defendant did not file any cross-complaint, but rather designated its affirmative allegations as a separate defense. It can make no difference what the pleader may call his pleading; it will be judged by the allegations it contains, except in such case as the action of the pleader may have misled the adverse party to his prejudice. In this case he designated it a further and separate defense, but it contained allegations which, if found true, would entitle the defendant to affirmative relief, and the prayer claimed such relief. It is clearly proper for the trial court to grant such relief, as the pleading and facts disclosed show the pleader entitled to recover.

For the reasons above stated, the judgment is reversed and a new trial is granted. Costs awarded in favor of appellant.

Sullivan, J., and Stewart, J., concur.