(December 13, 1911.)

## JAMES L. BATTERTON, Appellant, v. DOUGLAS MINING CO., LTD., Respondent.

[120 Pac. 827.] ′

MINERAL ENTRY—RECEIVER'S RECEIPT—CANCELLATION OF ENTRY—SEGREGATION FROM PUBLIC DOMAIN—ANNUAL ASSESSMENT WORK.

(Syllabus by the court.)

1.  An applicant for patent to mineral lands is not required to do annual assessment work after making and submitting his final proofs on his patent application and the acceptance and allowance of the same and the issuance to him of a receiver's receipt from the local land office in conformity with the statute and the rules and regulations of the general land office.

2.  The acceptance and allowance of the entry and final proofs made by a claimant for the public mineral lands of the United States and the issuance to such claimant of a final receipt of purchase by the officers of the local land office in conformity with the statute and the rules and regulations of the general land office, constitutes a segregation of the land so claimed from the public domain, and such lands are no longer subject to entry or location under the general land laws until such entry is set aside or vacated and canceled.

3.  A trespasser upon the lands or possession of another cannot initiate a legal right which in itself is dependent for its inception upon a rightful actual entry on such land in order to do the thing necessary to initiate such right.

APPEAL from the District Court of the First Judicial District for the County of Shoshone.   Hon. W. W. Woods, Judge.

An adverse action to determine the right to certain mining claims.   Judgment for defendant and plaintiff appeals. *Affirmed.*

Allen & Allen, and H. H. Taylor, for Appellant.

It is only when the applicant for patent has complied with all the terms and conditions which entitle him to a patent that such effect is to be given to the final receiver's receipt. (*Wirth v. Branson,* 98 U. S. 118, 25 L. ed. 86.)

This was a decision of the land department upon the facts in a matter which the department was authorized to hear and determine, and is final and absolutely conclusive upon the respondent upon the two questions, viz.: that the affidavit upon which the final receiver's receipt was obtained was false, and that the applicant for patent (respondent) had not complied with the law to entitle it to the receipt.   (*Shepley v. Cowan,* 91 U. S. 340, 23 L. ed. 428; *Johnson v. Towsley,* 13 Wall. (U. S.) 83, 20 L. ed. 485; *Moss v. Dowman,* 176 U. S. 415, 20 Sup. Ct. 429, 44 L. ed. 526.)

"Fraud vitiates any transaction based thereon and will destroy any asserted title to property no matter in what form the evidence of such title may exist."   (*United States v. Steenerson,* 50 Fed. 504, 1 C. C. A. 552; *Murray v. Polglase,* 23 Mont. 401, 59 Pac. 439.)

The decision of the acting commissioner to the effect that the affidavit upon which the entry was obtained was false, and that the respondent had not complied with the law in obtaining the entry, and the cancellation thereof upon those grounds, left the respondent as though the entry had never been made, and, therefore, the respondent's location became forfeited for lack of work for the year 1907 and the relocations of the appellant were good.   (*Murray v. Polglase,* 17 Mont. 455, 43 Pac. 505; *Murray v. Polglase* (2d Appeal), *supra; United States v. Steenerson,* 50 Fed. 504, 1 C. C. A. 552.)

John P. Gray, for Respondent.

"An entry and certificate of purchase, so long as they remain uncanceled, are equivalent to a patent, so far as the rights of third parties are concerned." (*Aurora Hill Min. Co. v. '85 Min. Co.*, 34 Fed. 515, 12 Saw. 355, 15 Morr. Min. Rep. 581, and authorities cited; *Last Chance Min. Co. v. Tyler Min. Co.*, 61 Fed. 61, 9 C. C. A. 613; *Benson Min. Co. v. Alta Min. Co.*, 145 U. S. 428, 12 Sup. Ct. 877, 36 L. ed. 762, 17 Morr. Min. Rep. 488; *Brown v. Gurney*, 201 U. S. 184, 26 Sup. Ct. 509, 50 L. ed. 717.)

The entry of public land under the laws of the United States, whether legal or illegal, segregates it from the public domain, appropriates it to private use, and withdraws it from subsequent entry or acquisition until the prior entry is officially canceled and removed. (*James v. Germania Iron Co.*, 107 Fed. 597, 46 C. C. A. 476.)

AILSHIE, J.—This is what is commonly known as an adverse action brought under sec. 2326 of the Revised Statutes of the United States, for the purpose of determining the respective rights of the parties to certain lode mining claims situated in Shoshone county. The Grant, Gordon and Douglas lode mining claims were located in the year 1900. The respondent corporation acquired title to these claims through mesne conveyances from the original locators, and during the year 1907 caused the claims to be surveyed for United States patent, and on October 22d of that year made application to the United States land office at Coeur d'Alene for patent. Notice of the application was duly published and was also posted on the claims. Final proofs were made and accepted by the land office and the purchase price was paid and receiver's receipt was issued for these claims on December 31, 1907, and delivered to the respondent. The required amount of work ncessary to procure a patent had been done on these claims but no work was done for the year 1907. On January 1, 1908, the appellant, Batterton, who had for some months past been living in a cabin situated on these claims, relocated

the claims. He made this relocation on the theory that the respondent was obliged to do the assessment work for the year 1907 in order to hold the claims, and that such work not having been done, the ground was open for relocation. On January 16th appellant filed his protest in the United States land office at Coeur d'Alene against the issuance of patent to respondent, and alleged therein that the plat had not remained posted upon the ground during the entire period of publication. In support of this protest, appellant filed his affidavit showing that the plat of survey and copy of notice of application for patent, which had been posted on the claim on the 18th of October, disappeared therefrom on about the 4th of December and was not thereafter posted, and that no notice or plat was posted on the claim from December 4th to December 31st. A hearing was ordered, and the local land office overruled and denied the protest and allowed the entry to stand. An appeal was taken to the commissioner of the general land office, where the ruling of the local land office was reversed or rather modified. After reciting the history of the proceedings, the commissioner, or rather the assistant commissioner, held as follows:

"The entry cannot be validated and sustained by a republication and reposting of the notice of the patent application, but entry must thereafter be made anew to afford a lawful basis for a patent. (*Juno etc. Lodes,* 37 L. D. 365.)

"Your decision is therefore reversed, and said entry held for cancellation.

"In so far, however, as the prosecution of new proceedings is concerned, the company, if still the owner, will only be required to republish and repost plat and notice of its present application and to file the necessary proofs thereof, and thereafter make entry anew, if all shall then be found to be regular. (*Highland Marie etc. Claims,* 31 L. D. 37; *Carmack Gold & Copper Company,* unreported Department decision of July 28, 1909.)"

The general land office held that all the proceedings were fair and regular, but further held in substance and effect that the failure of the applicants for patent to stand guard over

the notice and plat of survey and see that they were kept posted every day on the claim during the sixty-day period of publication was fatal to the proceedings, and that it was there- fore necessary to have a new publication. The commissioner, however, held that it would not be necessary to prosecute new proceedings other than to republish and after the period of publication to file new proofs. This was apparently done on the theory that notice by posting for the full sixty-day period should be given to all third parties to enable them to file ad- verse suits in the event they desired to do so. The com- missioner proceeded, however, to hold that the protestant, appellant herein, had no standing as a locator of the claims and that the land office should pay no attention to his claim. This latter holding, however, was mere dicta and wholly be- yond the authority or jurisdiction. of the land office to pass upon. The validity of the title of an adverse claimant must be determined by the courts and not by the land office. It is so provided by the act of Congress (sec. 2326, U. S. Rev. Stats.).

Two questions are presented here for consideration: First, Is the applicant for patent to a mining claim required to do annual assessment work after making his final proofs and the issuance to him by the officers of the local land office of the receipt of purchase, or, as it is commonly designated, the re- ceiver's receipt? Second: Is mineral land subject to location after the making of final proof for patent and the issuance of a receiver's receipt and prior to the cancellation thereof where it is afterward determined that the entry was for some cause invalid or void and should be held for cancellation?

Addressing ourselves to the first question suggested, we find that the authorities seem to generally agree that the locator of a mining claim and applicant for patent is not required to do annual assessment work after making final proofs under his patent application and the issuance to him of a receiver's receipt in conformity with the statute and rules and regula- tions of the general land office. (*Aurora Hill Consolidated Min. Co. v. '85 Min. Co.*, 34 Fed. 515, 12 Saw. 355; *Wirth v. Branson*, 98 U. S. 118, 25 L. ed. 86; *Deffeback v. Hawke*, 115

U. S. 392, 6 Sup. Ct. 95, 29 L. ed. 423; *Pacific Coast Min. &
Milling Co. v. Spargo,* 16 Fed. 348, 8 Saw. 645; *Benson Min-
ing & Smelting Co. v. Alta Mining & Smelting Co.,* 145 U. S.
428, 12 Sup. Ct. 877, 36 L. ed. 762.)

After final proof has been made by a claimant to mineral
lands and the proofs have been received, accepted and allowed
by the officers of the local land office and final receipt has
been issued, the claimant thereafter holds the ground under
his entry and receiver's receipt; in other words, the location
of the claim in conformity with the act of Congress and the
local laws and regulations and the annual assessment work
have merged into the higher title, and it is under the latter
that the claimant holds his land after making his final proofs
and receiving his receiver's receipt. His claim is no longer
a mere possessory claim. If this be true, there is no longer
any requirement of law that he shall do annual assessment
work.

Turning our attention now to the second proposition pre-
sented, we find that the authorities, with but few exceptions,
agree that the acceptance and allowance of the final proofs
made by a claimant to the public domain and the issuance of
receipt of purchase by the officers of the local land office con-
stitutes a segregation of the lands so claimed from the public
domain and that such lands are no longer subject to entry or
location under the general land laws until the previous entry
is set aside or vacated and canceled.

In *James v. Germania Iron Co.,* 107 Fed. 597, 46 C. C. A.
476, the United States circuit court of appeals for the eighth
circuit, held that ''The entry of public land under the laws
of the United States, whether legal or illegal, segregates it from
the public domain, appropriates it to private use, and with-
draws it from subsequent entry or acquisition until the prior
entry is officially canceled and removed.'' In support of the
foregoing rule, the court cites the following cases: *Hartman
v. Warren,* 76 Fed. 157, 22 C. C. A. 30, 33, 40 U. S. App. 245,
250; *Wilcox v. Jackson,* 13 Pet. (U. S.) 498, 513, 10 L. ed.
264; *Witherspoon v. Duncan,* 4 Wall. 210, 218, 18 L. ed. 339;
*Carroll v. Safford,* 3 How. (U. S.) 441, 11 L. ed. 671; *Kansas*

*Pac. Ry. Co. v. Dunmeyer,* 113 U. S. 629, 5 Sup. Ct. 566, 28 L. ed. 1122; *Hastings etc. R. R. Co. v. Whitney,* 132 U. S. 357, 10 Sup. Ct. 112, 33 L. ed. 363; *McIntyre v. Roeschlaub* (C. C.), 37 Fed. 556; *Railroad Co. v. Forseth,* 3 Land Dec. Dept. Int. 446, 447; *Railroad Co. v. Leech,* Id. 506; *Hollants v. Sullivan,* 5 Land Dec. Dept. Int. 115, 118; *In re Milne,* 14 Land Dec. Dept. Int. 242.   In addition to the foregoing list, we would add the following: *McCormack v. Night Hawk and Nightingale Min. Co.,* 29 Land Dec. 373; *Benson Min. & Smelting Co. v. Alta Min. & Smelt. Co.,* 145 U. S. 428, 12 Sup. Ct. 877, 36 L. ed. 762; *Last Chance Min. Co. v. Tyler Min. Co.,* 61 Fed. 561, 9 C. C. A. 613.

After the entry by respondent had been allowed and proofs accepted and this particular tract of mineral land became thereby segregated from the public domain, no one had any license or right to enter upon the land except the entryman and the owner of the legal title, the United States. No third person had any right to enter upon this particular body of land, and without the right of entry no legal discovery or location could be made. (*Aurora Hill Con. Min. Co. v. '85 Min. Co.,* 34 Fed. 515, 12 Saw. 355; *Belk v. Meagher,* 104 U. S. 279, 26 L. ed. 735; *Swanson v. Kettler,* 17 Ida. 321, 105 Pac. 1059; *Christy v. Scott,* 14 How. (U. S.) 292, 14 L. ed. 422.)

Appellant relies chiefly upon *Murray v. Polglase,* 23 Mont. 401, 59 Pac. 439, and *United States v. Steenerson,* 50 Fed. 504, 1 C. C. A. 552. *Murray v. Polglase* is almost identical in facts with the case at bar, the only material difference between the two cases being in the following particular: In the present case, it appears, and has been specifically found by the trial court as well as by the general land office, that the proceedings on the part of respondent in attempting to procure a patent were had in good faith and the law was complied with in every respect, except that in some manner the notice and plat required by law to be posted were torn down or removed some twenty-seven days before the expiration of the period of time for posting and publication. This appears to have been done without any fault of the applicant for

patent and without the knowledge of the applicant.    The notice had been posted in good faith and the respondent and its agents had reason to believe that it had remained posted during the full period of time.    In the Murray-Polglase case, the applicant sought to fraudulently acquire title to the mining claim by making false affidavits.    The applicant for patent had represented that sufficient work had been done on the claim to satisfy the requirements of the statute and rules of the land office, whereas it was shown that, as a matter of fact, not more than half enough work had been done.    In that case the supreme court of Montana considered the question of fraud practiced by the applicant for patent, and held that the case was an exceptional one and that it should be "decided upon its own peculiar facts," and held that "where a receiver's receipt, showing that the entryman of a mining claim is entitled to the patent, is subsequently annulled for fraud practiced in obtaining it, and the entryman has failed to do the annual representation work, the claim is subject to relocation."    It was finally held by the court that the applicants for patent having failed to do the assessment work regularly up to the time of the cancellation of the entry, forfeited their rights and that the claims were open to relocation and that the location made by the defendants in that case prior to the cancellation of the entry was valid and superior to the claim of the applicants for patent.

In the Steenerson case the circuit court of the United States for the district of Minnesota found that a pre-emption entry made under the land laws was fraudulent and had been made for the purpose of enabling the entryman to strip the land of the timber growing thereon.    Between the time of receiving the final receipt from the local land office and the cancellation thereof by order of the commissioner of the general land office, the entryman cut and removed a large amount of timber from the land.    The United States thereafter instituted replevin action against the entryman for the recovery of the timber. The court held that the receiver's receipt did not vest such a title as would afford the pre-emptor a defense to the action in replevin where the entry had subsequently been canceled on

the ground of fraud. This latter case is a very different case from the one at bar.

While the Murray-Polglase case is readily distinguishable from the case at bar on the ground of the fraud which entered into that case, still the principle of law upon which the case was determined appears to be in conflict with the prevailing rule as the same has been announced by the federal courts. We shall not attempt to reconcile that case with the cases hereinbefore cited, but we are inclined to the opinion that it is distinguishable from the other cases cited and the one at bar, in that the equities of that case were clearly against the patent applicant and with the defendant, the subsequent locator.

Our conclusion upon the foregoing questions renders consideration of the further assignments of error entirely unnecessary. The questions as to whether the appellant was the agent of the respondent company and the relation he sustained to the company are entirely immaterial and require no consideration from the court in the view we have taken of this case.

The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.

Petition for rehearing denied.