(June 8, 1912.)

## FRANK MARSHALL, Respondent, v. NIAGARA SPRINGS ORCHARD COMPANY, LIMITED, Appellant.

[125 Pac. 208.]

APPLICATION FOR PERMIT TO APPROPRIATE WATER—PERMIT—ENTRY UPON PRIVATE LAND—TRESPASS—APPROPRIATION OF ° WATER — RIGHT OF APPROPRIATOR—CONDEMNATION.

(Syllabus by the court.)

1. Under the provisions of sec. 3253, Rev. Codes, an application to the state engineer for permit to appropriate water is required to

Points Decided.

state facts which can only be secured by entrance to the place where the appropriation is made, and survey of the premises and surroundings at the point of diversion and place of improvement, and also a survey of the realty to be taken for dams and ditches to be used in appropriating the water to a beneficial use.

2. An application for a permit to appropriate water under the provisions of sec. 3253 makes it necessary for a person intending to make an appropriation in accordance with the statute to go upon the ground immediately surrounding the point at which the diversion from the natural channel is to be made, for the purpose of securing and preparing data and plans and maps required by such application.

3. A permit issued by the state engineer to appropriate water from the public waters of the state is the consent given by the state that the applicant may proceed under the law and make an appropriation of the public waters. It is the initiation of the appropriation, but of itself is not an appropriation.

4. The entry upon private property for the purpose of investigation, inspection and the making of surveys, plans and specifications for the purpose of making application for a permit does not necessarily result in the permanent taking of the real property of the owner, but it necessitates the entry upon such land, and the right to enter upon such land must be secured either by agreement of the parties or by condemnation proceedings, and without such remedy being pursued, the entry, if made, is a trespass.

5. The constitution and laws of this state specifically recognize the right to divert and appropriate the unappropriated waters of any natural stream to a beneficial use, and that such right shall never be denied, but this does not mean that a person is given the right to go upon private property of another for the purpose of making an appropriation, without the license or consent of the owner, or before such right is acquired by proceedings for condemnation.

6. Where N. S. O. Co. owns all the lands on both sides of the channel of water from the place the water comes from the rimrock until the channel ends and the water empties into another stream, it is the right of N. S. O. Co., by reason of its ownership of the land, to have exclusive possession of said land, and such owner is protected against any right that is attempted to be acquired by trespass on such land in the way of an attempt to appropriate the waters running across said land.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

Action to condemn a right of way for a ditch and power-house and other buildings to be used for power purposes. *Reversed.*

Richards & Haga, for Appellant.

An appropriation of water upon private land cannot be initiated by trespass, and any such attempted appropriation is void as against the land owner whose land is trespassed upon. (Wiel on Water Rights, 3d ed., sec. 221, and cases cited; *Prentice v. McKay,* 38 Mont. 114, 98 Pac. 1081; *Smith v. Denniff,* 24 Mont. 20, 81 Am. St. 408, 60 Pac. 398, 50 L. R. A. 741; *Le Quime v. Chambers,* 15 Ida. 405, 98 Pac. 415, 21 L. R. A., N. S., 76; *Curtis v. La Grande Water Co.,* 20 Or. 34, 23 Pac. 808, 25 Pac. 378, 10 L. R. A. 484; *Mud Creek Irr. & M. Co. v. Vivian,* 74 Tex. 170, 11 S. W. 1078.)

The United States, by secs. 2339 and 2340, Rev. Stats., only gave the public a license to enter upon its lands for the purpose of making appropriations; and the state, by its constitution and statutes, has only granted the public a license to go upon state lands for such purpose. (*Sturr v. Beck,* 133 U. S. 541, 10 Sup. Ct. 350, 33 L. ed. 761; *Benton v. Johncox,* 17 Wash. 277, 61 Am. St. 912, 49 Pac. 495, 39 L. R. A. 107; *Cruse v. McAuley,* 96 Fed. 369; Gould, Waters, sec. 240; *McGuire v. Brown,* 106 Cal. 660, 39 Pac. 1060, 30 L. R. A. 384; *Brosnan v. Harris,* 39 Or. 148, 87 Am. St. 649, 65 Pac. 867, 54 L. R. A. 628; *Rasmusson v. Blust,* 85 Neb. 198, 133 Am. St. 650, 122 N. W. 862; *Maffett v. Quine,* 93 Fed. 347, and cases cited *supra.*)

Bowen, Porter & Stockslager, for Respondent.

An appropriation or right to appropriate can be made as well in privately owned lands as on public lands. (Long, Irrigation, sec. 28.)

No trespass has been made in this case,—the right to enter the land we seek by condemnation. (*Idaho P. & T. Co. v. Stephenson,* 16 Ida. 418, 101 Pac. 821.)

In Colorado it has been expressly held that water rights may be appropriated by a ditch through riparian private lands, which ditch was constructed without the consent of the owner and without obtaining a right to same by eminent domain. (*Sternberger v. Power Co.*, 45 Colo. 401, 102 Pac. 168.)

The owner of riparian lands has no interest in the stream as against one appropriating same or one acquiring a lawful right to appropriate. (Wiel, Water Rights, 3d ed., secs. 221–233; *Hutchinson v. Watson Slough Ditch Co.*, 16 Ida. 485, 133 Am. St. 125, 101 Pac. 1059.)

He must obtain that easement and right of way either by purchase or condemnation. (*Swank v. Sweetwater Irr. Co.*, 15 Ida. 354, 98 Pac. 297.)

Before respondent could apply his water to a beneficial use, he must obtain lawful rights of entry upon appellant's land, and it was to secure such lawful right of entry that respondent brought this action. What the effect of a trespass · might be is not involved herein. (*Sternberger v. Seaton Mt. Co.*, 45 Colo. 401, 102 Pac. 168.)

STEWART, C. J.—Frank Marshall, the respondent, brought this action in the district court against Winia Smalley, Henry Smalley, John R. Newton and Samuel T. Hamilton for the purpose of condemning a right of way for a ditch and power-house and other buildings required in connection therewith across the land asked therewith. The land across which such right of way is asked is described as follows: Lot 3 of sec. 11 and Lot 1 of sec. 10, Twp. 9 S., Range 15 E. The defendants named in the complaint did not appear in said action, but the appellant herein, the Niagara Springs Orchard Company, Ltd., applied to be made a party defendant, and was permitted to do so, and filed an answer setting forth that said defendant was the owner of the property described in the complaint, the same having been transferred, to wit, by the defendants named in the complaint.

The cause was tried to the court and findings of fact, conclusions of law and a decree were entered in favor of the plaintiff, and the trial court adjudged the condemnation of a strip of land described by metes and bounds, and a part of the property described in the complaint, and assessed the damages for the same. From such judgment this appeal was taken.

It appears from the record in this case that the title to the property described in the complaint, part of which is involved in this action, was granted by the United States, by patent, to the predecessors in interest of the appellant, January 17, 1895, and December 1, 1897, and that the title thus acquired, by proper conveyance passed to the appellant on January 9, 1911. It also appears that lot 1 of said sec. 10 and lot 3 of sec. 11 extend from the north shore or water line of Snake river to the line lying upon the lands which extend from the top of the rimrock of Snake river, and said lands include a part of high lands at the top of the rimrock and all lands lying between the rimrock and the north shore of Snake river; that the waters of Smalley springs rise and emerge from the earth at the foot of the rimrock and wholly and entirely are within lots 1 and 3, and no part or portion of the springs or waters or streams is outside of lots 1 and 3.

It also appears that respondent made application to the state engineer for a permit to appropriate the waters flowing from Smalley springs and the natural stream of water leading therefrom, all situated and being upon the lands described in the complaint, and that the state engineer granted such permit in accordance with the application of plaintiff and the laws of the state of Idaho relating thereto, and it was issued to him for power purposes for the purpose of creating power for lighting, heating, manufacturing and motive power. This permit of the state engineer was dated August 30, 1909, and was granted upon a condition inserted in such permit as follows: "This is to certify that I have examined the within application for a permit to appropriate the public waters of the state of Idaho and hereby

grant the same, subject to the following limitations and conditions . . . . good and sufficient bond to be filed in the sum of one thousand dollars ($1,000) on or before October 29, 1909.'' The bond thus provided for in the permit was not filed with the state engineer until December 17, 1909, forty-nine days after the expiration of the time allowed by the permit and also by sec. 3254 of the Rev. Codes.

The question presented on this appeal, and upon which a reversal is asked, is: Can an appropriation of water upon private land be initiated by a trespass upon private property, and is the attempted appropriation void as against the land owner whose land has been trespassed upon?

It is the contention of the appellant that the action to condemn land for a power site, as alleged in the complaint, cannot be maintained for the reason that the plaintiff has not acquired any water right upon which to base such action, for the reason that he acquired no appropriation nor initiated any legal right to appropriate, by virtue of the permit, based upon a trespass upon private land.

It is the contention of the respondent, however, that the permit issued to the respondent gave to him an inchoate right to the waters of the stream at the point described in the application and the permit, and in making such application for the permit the respondent was not a trespasser upon the land of the appellant and made no entry upon said land, but, on the contrary, the respondent was pursuing the statutory remedy prescribed, whereby he might perfect his inchoate right to the water, by condemnation proceedings.

Sec. 3, art. 15 of the constitution of the state declares: ''The right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses, shall never be denied. . . . . '' And sec. 1, art. 15, provides: ''The use of all waters now appropriated, or that may hereafter be appropriated for sale, rental or distribution; also of all water originally appropriated for private use, but which after such appropriation has heretofore been, or may hereafter be sold, rented, or distributed, is hereby declared to be a public use, and subject to the regulation and control of the state in the manner pre-

scribed by law.'' From these two provisions of the constitution of the state it would seem that the right to divert and appropriate the unappropriated waters of any natural stream to a beneficial use is granted to all persons who intend to make a beneficial use of the same, and is subject to the regulation and control of the state in the manner prescribed by law. The legislature of this state, to carry out the power granted to the legislature under the foregoing provisions of the constitution, has provided, sec. 3240, Rev. Codes:

''Water being essential to the industrial prosperity of the state, and all agricultural development throughout the greater portion of the state depending upon its just apportionment to, and economical use by, those making a beneficial application of the same, its control shall be in the state, which, in providing for its use, shall equally guard all the various interests involved. All the waters of the state, when flowing in their natural channels, including the waters of all natural springs and lakes within the boundaries of the state are declared to be the property of the state, whose duty it shall be to supervise their appropriation and allotment to those diverting the same therefrom for any beneficial purpose, and the right to the use of any of the waters of the state for useful or beneficial purposes is recognized and confirmed. . . . . ''

Sec. 3242 provides: ''The right to the use of the waters of rivers, streams, lakes, springs, and of subterranean waters, may be acquired by appropriation.''

Sec. 3243 provides: ''The appropriation must be for some useful or beneficial purpose, and when the appropriator or his successor in interest ceases to use it for such purpose, the right ceases.''.

Sec. 3253, Rev. Codes, provides the procedure by a person who intends to make an appropriation under the statute for a permit to appropriate the waters of the state when flowing in their natural channels, including the waters of all natural springs and lakes within the boundaries of the state. This section, among other things, requires that ''any person, association or corporation hereafter intending to acquire the right to the beneficial use of the waters of any natural streams,

springs or seepage waters, or lakes or other public waters in the state of Idaho, shall, before commencing the construction, enlargement or extension or change in the point of diversion of the ditch, canal, or other distributing works, or perform-. ing any work in connection with said construction or proposed appropriation or the diversion of any waters into a natural channel, make an application to the state engineer for a permit to make such appropriation.'' This application referred to requires the application to state, among other things, (2) the source of the water supply, (3) the nature of the proposed use, (4) the location and description of the proposed ditch, channel or other work and the amount of water to be diverted and used, (5) the time required for the completion of construction of such works, which in no case shall exceed five years from the date of approval of the application, (6) the time required for the complete application of the water to the proposed use; that the application shall be accompanied by a plan and map in duplicate of the proposed works for the diversion and application of the water to a beneficial use, showing the character, location and dimensions of the proposed reservoir, dams, canal, ditches, pipe-lines and all other works proposed to be used by them in the diversion of the waters and the area and location of the lands proposed to be irrigated.

It clearly appears from the application required by this statute that such application must state facts which can only be secured by an entrance to the place where the appropriation is made and a survey of the premises and surroundings at the point of diversion and plan of improvement, and also a survey of the realty to be taken for dams and ditches to be used in appropriating the water to a beneficial use, and especially in a case where it is necessary to construct buildings and other works necessary for the utilization of the water for power purposes. Plans and maps are required to be prepared showing the character and location and dimensions of the works and the area and location of the lands proposed to be irrigated or otherwise used. It would be impossible to comply with this provision of the statute unless the person in-

tending to make the appropriation went upon the ground immediately surrounding the point at which the diversion from the natural channel is to be made for the purpose of securing and preparing the data and plans and maps required by this section.

Under the provisions of sec. 3254, Rev. Codes, "The application so indorsed shall constitute a permit, and shall be returned to the applicant, and he shall be authorized, on receipt thereof, to proceed with the construction of the necessary works for the diversion of such water . . . . to a beneficial use and to perfect the proposed appropriation."

In the case of *Speer v. Stephenson,* 16 Ida. 707, 102 Pac. 365, this court had under consideration the right acquired by a permit granted by the state engineer, under the provisions of the original act passed by the legislature in 1903, Sess. Laws 1903, p. 223, and in the opinion in that case says: "The permit thus provided for took the place of the posting of notice as required under the act prior to 1903, and merely gave the applicant an inchoate right which could ripen into a legal and complete appropriation only upon the completion of the works and the application of the water to a beneficial use. The right given by the permit is merely a contingent right, which may ripen into a complete appropriation or may be defeated by the failure of the holder to comply with the requirements of the statute.

"The permit, therefore, is not an appropriation of the public waters of the state. It is not real property under the statute. (Rev. Codes, sec. 3056; *Ada County Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485.) A permit, however, is the consent given by the state to construct and acquire real property. In order to acquire a permit the statute provides that the person, association or corporation, intending to acquire the right to the beneficial use of the waters of any natural stream, etc., before commencing the construction of such works, shall make application to the state engineer for such permit. Certain facts are required to be stated in the application."

It is apparent from the provisions of the statute that a permit issued by the state engineer to appropriate the public water of the state is not an appropriation of the water, but that such permit is the consent only of the state that the applicant may proceed under the law and make an appropriation of public water. In the case now under consideration, in order for the respondent to make an appropriation of the water at a point upon the land owned by the appellant, it was necessary for the respondent to enter upon the lands of the appellant in the first instance for the purpose of making the necessary examination and making the surveys and maps and plans required in order to make a proper application to the state engineer for a permit which permitted the respondent to proceed in the manner prescribed by law in perfecting his appropriation. After this permit was obtained it was necessary under the law for the respondent to do the constructive work required to perfect the appropriation, and this necessarily required the taking of the real property of the appellant for this use, and this could be acquired by agreement of the parties or by condemnation proceedings under the statute. The entry, however, for the purpose of investigation, inspection and the making of surveys, plans and specifications for the purpose of making application for a permit would not necessarily result in the permanent taking of the real property of the appellant, but it would result in the necessary entry upon the land of the appellant. The right to enter the land of the appellant, therefore, should have been secured from the appellant, either by an agreement of the parties, or by condemnation proceedings, and without such remedy being pursued, the respondent in making such entry would be a trespasser. In this instance, therefore, it appears clearly from the record that in making the entry upon the lands of the appellant for the purpose of making the surveys and plans and maps upon which his application to appropriate the water was based, the respondent was a trespasser upon the lands of the appellant. While the constitution and laws of this state specifically recognize the right to divert and appropriate the unappropriated waters of any natural stream to beneficial

uses, and that such right shall never be denied, still such provisions of the constitution and statute do not authorize a person to go upon private property of another for the purpose of making an appropriation.   The constitution and laws of this state specifically recognize the right to divert and appropriate the unappropriated waters of any natural stream to a beneficial use, and that such right shall never be denied, but this does not mean that a person is given a right to go upon private property of another for the purpose of making an appropriation, without the license or consent of the owner, or before such right is given by proceedings for condemnation.

As shown by the facts in this case the appellant owns all the land on both sides of the channel of water from the place the water comes from the rimrock until the channel ends and the water empties into another stream.   It is true that the appellant has made no effort whatever to appropriate the water of said stream or to apply such water to any beneficial use, and in this action the appellant is making no claim whatever to said water by reason of any appropriation or any supposed riparian ownership of the same.   But, notwithstanding such facts, it is the appellant's right by reason of his ownership of the land to have exclusive possession of said land, and said owner is protected against any right that is attempted to be acquired by trespass thereon in the way of an attempt to appropriate the water running across said land, and neither the respondent nor any other person can divert such water without entering upon and leading it across the lands of the appellant, or using the lands of the appellant in distributing the power created by the use of such water, and committing a continuing trespass upon the premises of the appellant.

Mr. Wiel, in his third edition of Water Rights in Western States, vol. 1, chap. 10, discusses this question generally, and the decisions of the courts of several states and the federal courts passing upon this question have been collected.   In the text the author recites the different rules that have been announced by the various decisions, and from such discussion it clearly appears that the weight of authority and better

reasoning is with the proposition that an appropriation of water at a point upon private land cannot be made by trespass, and that where an attempt is made to initiate the right to appropriate the public water of the state by trespass upon private property, such initiation of such right is void as against the owner of the land. Applying this rule to the facts of this case, an action to condemn a portion of the land of appellant for the purpose of using the same as a power site cannot be maintained because no water right has been legally acquired which would make necessary the use of said land. This necessarily results from the fact that the water right was initiated by trespass. (*Prentice v. McKay*, 38 Mont. 114, 98 Pac. 1081; *Smith v. Denniff*, 24 Mont. 20, 81 Am. St. 408, 60 Pac. 398, 50 L. R. A. 741; *Curtis v. La Grande Water Co.*, 20 Or. 34, 23 Pac. 808, 25 Pac. 378, 10 L. R. A. 484; *Mud Creek Irr. A. & M. Co. v. Vivian*, 74 Tex. 170, 11 S. W. 1078.)

In the case of *Prentice v. McKay, supra,* the supreme court of Montana reviews a number of cases bearing upon this subject and says: "If Mrs. Prentice made a valid appropriation of water upon the private lands of S. C. Prentice, she must have acquired an easement in his lands, and, if she did acquire such easement, she must have done so by grant from S. C. Prentice by condemnation proceedings or by prescription. But the record here fails absolutely to disclose that Mrs. Prentice ever resorted to condemnation proceedings, or ever received a grant of the easement or acquired it by adverse user." In this case the court held that the transaction between Mrs. Prentice and S. C. Prentice amounted only to a license which gave the right to take the water from the springs and streams to her land, and that such license was not coupled with any interest or for valuable consideration paid, and was therefore revocable at the pleasure of the licensor or his successors, and that the action in this case in obstructing the use amounted to a revocation. In that case the court cites the case of *Alta Land Co. v. Hancock*, 85 Cal. 219, 20 Am. St. 219, 24 Pac. 645, and also quotes with approval from *Smith v. Denniff*, 24 Mont. 22, 81 Am. St. 408, 60 Pac. 398, 50 L. R. A. 741: "One may not acquire a water

right on the land of another without acquiring an easement in such land. . . . . And an easement is an interest in land that cannot be created, granted, or transferred except by operation of law, by an instrument in writing, or by prescription.'' And the court comments as follows: ''Since the use of water is declared by the constitution of this state (art. 3, sec. 15), to be a public use, the right to appropriate water on the land of another may be acquired by condemnation proceedings.''

In the case of *United States etc. Co.* v. *Gallegos,* 89 Fed. 770, 32 C. C. A. 470, the United States court of appeals in discussing this question says: ''The appellant owns all the land on both banks of this river. Regardless of its right to the water, it has the undoubted right to the undisturbed and exclusive possession of its land; and the appellee can divert no water without entering upon and leading it across this land, and committing a continuous trespass upon it.'' The court in further discussing the constitution of the state of Colorado announces that the constitution and statutes of that state do not give one the right to make an appropriation against a land owner by trespass on his land.

In the case of *Le Quime v. Chambers,* 15 Ida. 405, 98 Pac. 415, 21 L. R. A., N. S., 76, this court in discussing the right to appropriate water from a spring says: ''If the land on which this spring was located had already been patented before the location by appellants, then a different question would arise, because appellants would have been trespassers in entering upon the land for the purpose of locating, appropriating and diverting the water, unless they first had acquired a license or easement so to do.''

In *Swank v. Sweetwater Irr. Co.,* 15 Ida. 353, 98 Pac. 297, in discussing the right of the owner of a water right to enter lands owned by another party, and to construct ditches and channels across such lands, the court says: ''The fact that a party has a water right gives him no right to enter the lands of others for the purpose of constructing ditches and canals across them, except over public lands of the United States. He must obtain that easement and right of way

either by purchase or condemnation.'' (*Batterton v. Douglass Min. Co.*, 20 Ida. 760, 120 Pac. 827.)

If, then, under the provisions of sec. 3253 of the Rev. Codes, a person intending to make an appropriation is required to make surveys and prepare maps and plans in order to make a proper application, and in order to comply with such provisions of the statute, it is necessary for such applicant to enter upon the lands surrounding the place where the appropriation of water is to be made, and such lands are owned by private persons, and such permit cannot be obtained by agreement between the applicant and the owner or owners of such adjoining and surrounding land, then it is incumbent upon the applicant, in order to justify an entry upon such lands, to proceed under the statute and condemn such right or easement. That was not done in this instance, and the respondent herein was a trespasser in initiating his proposed appropriation, and the mere fact that the state engineer granted the permit in no way conferred any right upon the respondent to enter upon private land for the purpose of making an appropriation.

Under this rule it is clear that the trial court erred in its finding of fact that the respondent is the owner and in possession of a water right for power purposes, granted to him under the permit of the state engineer of the state of Idaho from Smalley springs. This must follow by reason of the fact that the permit issued by the state engineer confers no right to enter upon private land for the purpose of initiating an appropriation of water. As to the second finding of the trial court, we are inclined to think that the trial court was correct in finding that Smalley springs, or the waters thereof, or the stream flowing therefrom, was not owned by the appellant, and that the waters of said springs at all times have been owned by the state of Idaho, subject to appropriation, but that such finding is incorrect in the conclusion that such water was subject to the right and use of the plaintiff under the permit issued by the state engineer. The court, under the view that we have expressed, was in error in finding 3, that the respondent did not attempt to make his appropria-

tion by trespass. As to finding 6, we think the permit offered in evidence as exhibit "A" was properly admissible in the case, but that the consideration and weight of such permit as evidence might be contradicted, and the permit shown to be of no effect under the facts of the case. The court also erred in finding 7, wherein it is held that an appropriation of water could be made on private premises through a trespass on such premises, and without the knowledge and consent of the owner of such premises.

It is also urged by counsel for appellant that the permit issued by the state engineer was of no effect after the expiration of sixty days from the date of issue, because the respondent, to whom such permit was issued, failed to file a bond within sixty days from the date of the permit. In view of the opinion of this court that the permit was of no force or effect by reason of the fact that it was based upon a trespass, it is immaterial whether the bond was filed or not, and it is unnecessary to pass upon the objection made in disposing of this case.

The judgment in this case is *reversed,* and the costs are awarded to the appellant.

Ailshie and Sullivan, JJ., concur.